Rockey's Estate.  Brown's Appeal.

[Marked to be reported.]

| 155    453|
| e209  ¹612|

155    453|
418C¹178|

*Evidence—Forgery—Handwriting—Experts.*

Evidence touching the genuineness of a paper may be corroborated by a comparison to be made by a jury or auditor between that paper and other well authenticated writings of the party, but mere experts will not be permitted to make the comparison, and then to testify to their conclusions from it.

*Evidence—Undue influence—Receipt—Finding of auditor.*

Decedent in her lifetime, in 1866, sold to Dunkle, her son-in-law, a farm for $1,800, receiving therefor six notes for $300 each without interest payable in from one to six years respectively after decedent's death. In 1869, decedent gave to Dunkle a receipt and release for the last two notes, setting forth that she had received the value of $600 in full payment for the two notes. Dunkle took possession of the farm and paid to decedent one third of the grain crops until 1887, when he entered into an agreement with her to pay her $104 per year " as rent or interest" instead of the grain. This he did until her death in 1889. The decedent lived with Dunkle on the farm and there was evidence that Dunkle and his wife had great influence with her. It also appeared that she was unable to read or write. The auditor and the court below held that there was not sufficient evidence of undue influence to avoid the receipt of 1869, and that the agreement of 1887 did not of itself establish that there was due to decedent the sum of $1,800 from Dunkle. *Held,* that the evidence would not justify reversal of the finding in the court below.

Argued April 19, 1893.  Appeal, No. 104, Jan. T., 1893, by Julia Brown et al., heirs of Rebecca Rockey, deceased, from decree of O. C. Centre Co., No. 5598, dismissing exceptions to auditor's report in estate of Rebecca Rockey, deceased.  Before STERRETT, C. J., GREEN, MITCHELL, DEAN and THOMPSON, JJ.

Exceptions to report of Harry Keller, Esq., auditor to distribute.

The facts appear by the opinion of the Supreme Court.

The agreement of March 25, 1887, signed and sealed by both parties, contained the following stipulations :

" The said David Dunkle doth hereby agree to pay to the said Rebecca Rockey a yearly rent or interest of one hundred and four dollars in place of the one third of the grain crop, etc., of the farm known as the Rockey farm owned and occupied by

the said David Dunkle, to commence on the first day of April, 1887.

" The said Rebecca Rockey hereby agrees for herself, her heirs or assigns, to remise, release and quit-claim unto said David Dunkle, his heirs or assigns, all shares or claims of crops raised on said farm, the same shall hereby cease, and further agrees to receipt for all money or payments made on the above agreed rent."

The six notes given by Dunkle were payable " to the heirs and legal representatives of Rebecca Rockey " one, two, three, four, five and six years respectively after her decease and " without interest until due," with warrant of attorney for confession of judgment.

The auditor refused to surcharge David Dunkle with $1,800, the amount of the six notes. Exceptions to the auditor's report were dismissed by the court in an opinion by Furst, P. J.

*Errors assigned* were dismissal of exceptions, quoting them.

*C. M. Bowers, John H. Orvis* and *Ellis L. Orvis* with him, for appellants.—On the question of fraud, every fact and circumstance from which a legal inference of fraud is inferable is admissible: Cover v. Manaway, 115 Pa. 338; Brinks v. Heise, 84 Pa. 246 ; Kinzer v. Mitchell, 8 Pa. 64; Gordon v. Van Houten, 36 Leg. Int. 85.

The facts here throw the burden of disproving undue influence on appellee: Huffman v. Iams, 11 Atl. R. 444; Worrall's Ap., 1 Atl. R. 380; s. c. 1 Cent. R. 201; Shea v. Shea, 121 Pa. 302 ; Mitchell v. Mitchell, 18 W. N. 439; Ball v. Campbell, 134 Pa. 602; Hamilton v. McGuire, 3 S. & R. 355.

Confidential relation raises a presumption of fraud : Darlington's Ap., 86 Pa. 512; Miskey's Ap., 107 Pa. 611; Hetrick's Ap., 58 Pa. 477; see also Glass Co. v. Storms, 125 Pa. 268.

*C. P. Hewes, J. L. Spangler* with him, for appellees.—The testimony of experts is receivable in corroboration of positive evidence to prove that in their opinion the whole of an instrument was written by the same hand, with the same pen and ink, and at the same time: Fulton v. Hood, 34 Pa. 365; Reese v. Reese, 90 Pa. 89; Ballentine v. White, 77 Pa. 20; Burkholder

v. Plank, 69 Pa. 235; Travis v. Brown, 43 Pa. 17; Borland v. Walrath, 33 Iowa, 130; Whitaker v. Parker, 42 Iowa, 585; Moye v. Herndon, 30 Miss. 110; Ins. Co. v. Brown, 32 N. J. Eq. 809.

The finding of an auditor upon a question of fact, being sustained by the court below, the Supreme Court will not reverse because the finding might have been the other way, if the evidence was sufficient to sustain the finding: Lewis's Ap., 127 Pa. 127; Harbison's Est., 145 Pa. 456; Boffenmyer's Est., 150 Pa. 540.

OPINION BY MR. JUSTICE THOMPSON, May 22, 1893:

In 1866, Rebecca Rockey conveyed her farm to David Dunkle, an appellee in this case. The consideration was $1,800, for which he gave six notes for $300 each, without interest payable in one, two, three, four, five and six years. In 1869 she gave to this appellee a receipt and release for the last two notes, setting forth in it that she had received the value of $600 in full payment for the last two mentioned notes, and that she had canceled and revoked them. This paper is witnessed by two witnesses, both of whom are dead. This appellee took possession of the farm and delivered to Mrs. Rockey one third of the grain crops of the farm up to 1887, when he entered into an agreement with her to pay her a specified sum of money instead of one third of the grain crop. She died in 1889 intestate, and appellees having taken out letters of administration upon her estate filed their first and final account in 1891. Four of her heirs excepted to the account, principally because the accountants had failed to charge themselves with the two notes referred to in the receipt and release, upon the ground that the paper in question was a forgery.

The contentions were that the receipt of December 24, 1869, was a forgery, or if not was obtained by undue influence; that the agreement of March 25, 1887, fixed the rights of the parties, and by virtue of it, the appellee, Dunkle, became indebted to the estate.

As to the contention of forgery the auditor finds: "As to the second charge that the receipt is spurious and a forgery, it is in evidence that the exceptants at first claimed the notes were forgeries, but afterwards abandoned that position, and now at-

tack the genuineness of the receipt. Unfortunately here both the alleged subscribing witnesses are dead, but we have the evidence of two disinterested persons who say they were familiar with the handwriting of David Dunkle, one of the subscribing witnesses in his lifetime, and that this is his signature. Mr. Edward H. Rauch, an expert on handwriting from Mauch Chunk, Pa., also testified on behalf of the exceptants that in his opinion the body of the receipt, the words, ' Rebecca Rockey, her mark,' and the signatures of both subscribing witnesses, were written by the same hand. Mr. Rauch on cross-examination says the paper (meaning the receipt) ' had the appearance of age, not of quite recent make up ' and admitted that the receipt might be genuine." He finds as a conclusion that the receipt in question is a genuine one. As to the signature of David Dunkle, the appellee's brother, Jacob Dunkle, testified : " I could not think anything else from my knowledge of his handwriting but that this was his genuine handwriting," and the other brother testified that it looked like his handwriting. Mr. Rauch, the expert, testified that he first examined the receipt itself, and then supplemented that examination by comparisons with the admitted genuine signatures. He says : " My main comparison was upon the work of the receipt in question, and my opinion was conclusively corroborated by examination of the other papers."

In Travis v. Brown, 43 Pa. 17, a summary was stated, based upon the consideration of the leading cases in Pennsylvania, and the result of that summary was, first, that evidence touching the genuineness of a paper may be corroborated by a comparison to be made by a jury between that paper and other well authenticated writings of the party ; second, but mere experts are not admissible to make the comparison, and to testify to their conclusions from it. It follows therefore that the comparisons in this case were to be made by the auditor and not by the expert, and he was right in reaching that conclusion.

As to the contention that the receipt was obtained by undue influence, it is impossible to find the evidence to establish this conclusion. That the appellee was her son-in-law, that she lived with him, that she derived income from the farm, that she was illiterate, that she was unable to read or write, and that the son-in-law and daughter had great influence with her, certainly are

not sufficient to warrant it.    The original purchase of the farm seems to have been a fair transaction and for a proper price. The consideration for the same was the notes in question, and when the last two notes were canceled she in her receipt acknowledged that she had received for them the value of $600.    Thus it appears from the commencement to the end of the transaction that there was no undue influence, that she received the original consideration for the farm, and she acknowledged a full consideration for the two notes which were canceled and rescinded.

As to the contention in regard to the agreement of March 25th and its effect, it appears that when the sale of the farm was made Dunkle was not to pay interest upon the notes which were given in payment for the same, but he in possession was to pay her one third of its crops, and he did so until April 1, 1887, and on March 25, 1887, the agreement referred to was entered into. By this agreement he was to pay her an annual rent of $104 in place of one third of the crops, and she on her part agreed to release him from the delivery of any share of the crops raised on the farm.    It was in fact a substituted sum for the crops and designated in the agreement as rent, which she agreed to accept as rent in lieu of her share of the crops.    This agreement does not upon its face establish that there was still due the sum of $1,800 to her, and that therefore the notes in question still remained unpaid and were uncanceled.

The auditor having found the facts in favor of the appellee and the court below having sustained him, the evidence in this case does not justify a conclusion that there was any error in this finding, and therefore the decree is affirmed and the appeal dismissed at the cost of the appellants.